IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-31170
_____


RICHARD H. FRIEDBERG,

Plaintiff-Appellant,

versus

BELCO ENERGY LP; ET AL.,

Defendants,

BELCO ENERGY LP; BELCO OPERATING CORP.,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 97-CV-1822
--------------------
October 27, 2000

Before REAVLEY, BENAVIDES and DENNIS, Circuit Judges.

BENAVIDES, Circuit Judge:[*]

Richard Friedberg ("Friedberg") transferred his mineral
interest in land that he co-owned with W.A. Moncrief ("Moncrief")
to the Plan Trust in his Chapter 11 bankruptcy.  Friedberg is a
remainderman to the estate in that he has the right to receive
any surplus from the bankruptcy estate.  In the administration of

_____

[*] Pursuant to 5ᵀᴴ CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5ᵀᴴ CIR. R. 47.5.4.

the estate, the trustee sold this mineral interest to Belco Energy ("Belco"). In the present suit, Friedberg disputes this sale, claiming that Belco failed to fully inform the trustee of the value of the mineral interest before the close of the transaction, thereby breaching his duty to disclose. The district court granted Belco's motion for summary judgment. We AFFIRM.

## Facts

Prior to Friedberg's bankruptcy, Friedberg and Moncrief owned a 50% mineral interest in land located in Louisiana, 25% each in indivision. Thereafter, Moncrief acquired a lease to the other 50% of the mineral interest. Thus, Moncrief had a lease to 50% of the mineral interest and owned 25% of the mineral interest.

In May 1996, Moncrief, who at this time controlled 75% of the minerals, 25% in ownership and 50% in leaseholder rights, leased his 75% mineral interest to Belco. In the lease, Belco agreed to operate a well on the estate and to continue the drilling of the well Moncrief had initiated prior to the May 1996 transaction.

## Discussion

Fraud based on suppression of information requires a fiduciary or special relationship that creates a duty to speak. *Greene v. Gulf Coat Bank*, 593 So.2d 630 (La. 1992). "To find

2

fraud from silence or suppression of the truth, there must exist a duty to speak or to disclose information." *Id.* at 632. Friedberg concedes that there is no fiduciary duty between the parties. Friedberg's argument that Belco had a duty to disclose to the trustee the results of production tests on the mineral estate rest entirely on Articles 176 and 109 of the Louisiana Mineral Code ("Mineral Code").

According to Friedberg, Article 176 creates a "higher than ordinary" duty between co-owners of mineral interests through its reference to Article 109. Friedberg notes that the comments following Article 109 provide that this duty is "intended [to] be a somewhat higher duty than that of ordinary care and good faith." Friedberg's argument overlooks Article 169 of the Mineral Code, which provides that "[c]o-ownership does not exist . . . between the owners of separate mineral rights." LA. REV. STAT. ANN. §§ 31:169. Moreover, Article 176 pertains to the authority of a co-owner of a mineral servitude to act to prevent waste, destruction, or extinction of the servitude. It does not refer to co-owners of mineral interest in general. Also, Article 109 pertains to the obligation of the owner of an executive interest when granting mineral leases.

Belco, despite the fact that it was the operator of the well, was only a lessee. Friedberg does not argue that because Belco was the operator there is a higher standard of care. In

3

fact, there was no operating agreement between Belco and Friedberg creating any kind of duty between the parties. Moreover, Friedberg concedes that Belco did not make any false or misleading statements.

At the time of the sale, Belco, as lessee, and the trustee, as owner, held different mineral rights. Without co-ownership, Belco and the trustee do not share a duty of trust that would support a duty to disclose. Also, Friedberg is not alleging the Belco acted improperly with respect to waste, destruction or extinction of the servitude or that Belco improperly executed a mineral lease.

Belco and the Plan Trust have separate mineral rights and are not co-owners; therefore, Friedberg's argument that Belco had a duty to disclose is incorrect. In sum, we find that there is no special or contractual relationship between Friedberg's estate and Belco creating a duty to disclose. Because our holding disposes of this appeal we need not address the alternate arguments advanced by Belco in support of the judgment of the district court. The judgment of the district court is AFFIRMED.